UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIMOTHY JEFFERSON      ]
    Petitioner,      ]
        ]
v.      ]      No. 3:05-0782
        ]
STATE OF TENNESSEE      ]
    Respondent.      ]

To:    Honorable Robert L. Echols, District Judge

# REPORT AND RECOMMENDATION

By an order (Docket Entry No. 10) entered November 21, 2005, the Court referred this action to the undersigned "for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 304, L.R.M.P."

Presently pending before the Court are respondent's Motion to Dismiss (Docket Entry No. 6) and petitioner's Response in Opposition to the Motion to Dismiss (Docket Entry No. 9). The undersigned has conducted a review of these pleadings and the record in this case and has concluded that, for the reasons stated below, respondent's Motion to Dismiss has merit. Accordingly, it is respectfully recommended that the Motion to Dismiss be granted and that this action should be dismissed.

## I. BACKGROUND

The petitioner, proceeding *pro se*, is an inmate at the South Central Correctional Center

1

in Clifton, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against the State of Tennessee, seeking a writ of habeas corpus.

On August 2, 2001, the petitioner pled guilty in the Criminal Court of Davidson County to a charge of second degree murder. Pursuant to a plea agreement, the petitioner received a sentence of forty (40) years in prison. Having pled guilty, the petitioner did not pursue a direct appeal of the conviction (Docket Entry No. 8; Addendum No. 2 at pg. 2).

The petitioner did, however, file a *pro se* petition for state post-conviction relief (Docket Entry No. 8; Addendum No. 2). Following the appointment of counsel and an evidentiary hearing, the trial court dismissed the petition. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief (Docket Entry No. 8; Addendum No. 1). The Tennessee Supreme Court later denied petitioner's application for further review.

## II. PROCEDURAL HISTORY

On August 30, 2005, the petitioner filed the instant petition (Docket Entry No. 1) for federal habeas corpus relief.[1] In the petition, he alleges that his guilty plea was neither voluntary nor knowingly given because of counsel's ineffectiveness. More specifically, the petitioner complains that his attorney failed to inform him of the applicable law.[2]

Upon its receipt, the Court reviewed the petition and determined that it was not facially

---

[1] The petition is stamped as filed by the Clerk's Office on September 30, 2005. However, a prisoner's pleading is considered filed on the date that it was placed in the institutional mail system for posting. Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). The petitioner has declared under penalty of perjury that he placed his petition in the mail for posting on August 30, 2005. *See* Docket Entry No. 1 at pg. 3. Therefore, for purposes of timeliness, the petition is considered to have been filed on the earlier date of August 30, 2005.

[2] The petitioner has identified his attorney as Joey Clifton of the Davidson County Public Defender's Office.

2

frivolous. Accordingly, by an order (Docket Entry No. 4) entered September 30, 2005, the respondent was directed to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

The respondent has answered the petition with a Motion to Dismiss (Docket Entry No. 6). A pleading in opposition to the Motion to Dismiss (Docket Entry No. 9) has been filed by the petitioner. Having carefully considered these pleadings and the record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief).

### III. ANALYSIS OF THE CLAIMS

The respondent argues in its Motion to Dismiss that this action is untimely. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), was signed into law. This legislation, which governs the case at bar, made various changes to 28 U.S.C. § 2254 and other federal habeas corpus statutes. Among those changes was the addition of a one year period of limitation placed on the filing of § 2254 petitions. Consequently, a prisoner in custody pursuant to the judgment of a state court generally has one year from the date his judgment becomes final in which to file a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d).[3]

The petitioner pled guilty and was sentenced on August 2, 2001. There was no direct appeal of the conviction taken by the petitioner. The time for filing a direct appeal expired thirty

---

[3] 28 U.S.C. § 2244(d) actually provides that the limitation period begins to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

3

(30) days after the petitioner was sentenced, Rule 4(a), Tenn. R. App. P., making his conviction final on September 1, 2001. Thus, the petitioner had one year from this date, or until September 1, 2002, in which to initiate the instant action.

One hundred twenty two (122) days elapsed before the petitioner filed his petition for state post-conviction relief (Docket Entry No. 8; Addendum No. 2).[4] That petition had the effect of tolling the one year limitation period for as long as petitioner's post-conviction proceedings remained pending in the state courts. 28 U.S.C. § 2244(d)(2).

The petitioner's post-conviction proceedings were concluded in the state courts on September 7, 2004, the date that the Tennessee Supreme Court rejected his application for further review of the post-conviction appeal. *See* Docket Entry No. 8; Addendum No. 1. The tolling period, however, has been held to include the ninety (90) day period following the post-conviction proceedings during which the petitioner may seek a writ of certiorari from the United States Supreme Court. Abela v. Martin, 348 F.3d 164, 172-73 (6th Cir. 2003)(en banc), cert. denied sub nom. Caruso v. Abela, 124 S.Ct. 2388 (2004). The tolling period, therefore, ended on December 6, 2004.[5]

When the limitation period is no longer subject to tolling, it resumes at that point where it was tolled rather than starting anew. Scott v. Collins, 286 F.3d 923, 926 (6th Cir. 2002). Having already expended one hundred twenty two (122) days before filing his state post-conviction

---

[4] The post-conviction petition was filed on January 2, 2002. The 122 days are calculated as follows : 29 days (9/2 - 9/30/01) + 31 days (10/01) + 30 days (11/01) + 31 days (12/01) + 1 day (1/1/02) = 122 days.

[5] The 90 days are calculated as follows : 23 days (9/8 - 9/30/04) + 31 days (10/04) + 30 days (11/04) + 6 days (12/1 - 12/6/04) = 90 days.

4

petition, the petitioner was left with two hundred forty three (243) days, or until August 6, 2005, in which to file a petition for federal habeas corpus relief.[6] As noted above, this action was filed on August 30, 2005, more than three weeks after the limitation had expired. The petition initiating this action, therefore, is untimely and subject to dismissal.

Of course, the one year limitation period does not act as a jurisdictional bar. Accordingly, the limitation period is subject to equitable tolling. Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir.), cert denied, 534 U.S. 1057 (2001).[7] The doctrine of equitable tolling, however, should be applied sparingly, Id., at pg. 1008, and requires the petitioner to show that extraordinary circumstances beyond his control made it impossible for him to file his petition in a timely manner. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999). No such showing is apparent from this record. Consequently, the undersigned finds that the respondent's Motion to Dismiss has merit.

### R E C O M M E N D A T I O N

Upon consideration of the pleadings and the record in this case, it appears that the instant action is untimely. Accordingly, the undersigned respectfully RECOMMENDS that respondent's Motion to Dismiss be GRANTED and this action be DISMISSED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court

---

[6] The 243 days are calculated as follows : 25 days (12/7 - 12/31/04) + 31 days (1/05) + 28 days (2/05) + 31 days (3/05) + 30 days (4/05) + 31 days (5/05) + 30 days (6/05) + 31 days (7/05) + 6 days (8/1 - 8/6/05) = 243 days.

[7] Dunlap involves the equitable tolling of the limitation period for the filing of a motion pursuant to 28 U.S.C. § 2255. Its holding, however, was made applicable to "...... habeas and all other cases....". Dunlap at pg. 1009.

within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th cir.1981).

                Respectfully submitted,

                E. Clifton Knowles
                United States Magistrate Judge