UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY JEFFERSON, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
|   v. | )   Case No. 3:05-0782 |
| | )   Judge Echols |
| | ) |
| STATE OF TENNESSEE, | ) |
| | ) |
|     Respondent. | ) |

## ORDER

This matter is before the Court on a Report and Recommendation ("R & R") (Docket Entry No. 12) in which the Magistrate Judge recommends granting the Respondent's Motion to Dismiss (Docket Entry No. 6) and dismissing Petitioner's request for habeas corpus relief under 28 U.S.C. § 2254. The R & R was issued on December 12, 2005, and Petitioner has filed no objections thereto.

After being charged with first degree murder and especially aggravated robbery, Petitioner pled guilty to a reduced charge of second degree murder for which he received a forty-year sentence. Petitioner was sentenced on August 2, 2001, and no appeal was taken. However, Petitioner filed a petition for post-conviction relief in state court on January 2, 2002, which was dismissed by the trial court. The trial court's dismissal was affirmed by the Tennessee Court of Criminal Appeals and the Tennessee Supreme Court denied

1

permission to appeal on September 7, 2004. The present petition under Section 2254 was filed September 30, 2005.

The Respondent filed a Motion to Dismiss on the grounds that under the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d)(1), the present Section 2254 petition is untimely. The Magistrate Judge agreed. In doing so, the Magistrate Judge noted that petitioner's conviction became final on September 1, 2001 (thirty days after his sentencing). While the one-year period would have required that Petitioner file his Section 2254 petition in this Court by September 1, 2002, that period was extended and tolled to account for Petitioner's filing of post-conviction proceedings in state court and the state courts' resolution of the same. As calculated by the Magistrate Judge, to be timely under AEDPA, Petitioner's present petition needed to be filed by August 6, 2005. However, it was not filed until more than three weeks later, August 30, 2005,[1] and was therefore untimely. Petitioner offered no reason, let alone extraordinary circumstances, for his failure to timely file his Petition under Section 2254.

As indicated, Petitioner has filed no objections to the Report and Recommendation. This Court has thoroughly reviewed the record,

---

[1] Actually, the Petition was "filed" with the Clerk on September 30, 2005. However, because Petitioner claimed that he had submitted the Petition to prison authorities on August 30, 2005, the Magistrate Judge utilized that date as the operative date under the "prison mail box rule."

2

including the documents submitted by the state in support of its Motion to Dismiss, and those submitted by the Petitioner in opposition thereto. Those documents confirm the date of Petitioner's conviction, the date of the filing of his state post-conviction petition, the date the Tennessee Supreme Court denied permission to appeal, and the filing of the Section 2254 Petition in this Court. This Court has independently reviewed the timeliness question and finds that the Magistrate Judge properly analyzed the issue and correctly concluded that the present action is untimely and that there has been no explanation proffered by Petitioner for the untimeliness of his Petition.

Accordingly, the Court rules as follows:

(1) The Report and Recommendation, Docket Entry No. 12, is hereby ACCEPTED;

(2) Respondent's Motion to Dismiss, Docket Entry No. 6, is hereby GRANTED; and

(3) This case is hereby DISMISSED WITH PREJUDICE.

Further, because Petitioner cannot demonstrate that reasonable jurists would find the Court's assessment of the timeliness of his claim under AEDPA debatable or wrong a Certificate of Appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE